
**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Concholakeland Homeowners Association, Joseph Lathus,<br><br>    Plaintiffs,<br><br>v.<br><br>County of Apache, et al.,<br><br>    Defendants. | No. CV-24-08093-PCT-JAT<br><br>**ORDER** |

Mr. Lathus brings this case, pro se, on behalf of himself and Concholakeland Homeowners Association. As a pro se, Mr. Lathus cannot represent Concholakeland Homeowners Association. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities.") (collecting cases); *Johns v. County of San Diego*, 114 F.3d 874, 876–877 (9th Cir. 1997) (explaining that a non-attorney may appear pro se on his own behalf but has no authority to appear as an attorney for others); *Russell v. United States of America*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.") (per curiam). As a result, Concholakeland Homeowners Association's case will be dismissed without prejudice.

Mr. Lathus moves to proceed in forma pauperis as to his own claims. In 28 U.S.C. § 1915(e)(2),

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. "[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

*Kennedy v. Andrews*, 2005 WL 3358205, *2-*3 (D. Ariz. 2005).

Here, Mr. Lathus does not delineate his claims from the claims of the Concholakeland Homeowners Association. Moreover, the primary claim Mr. Lathus appears to bring on his own behalf is against a Judge based on that Judge's rulings. (Doc. 1 at 7-8). Such a claim is barred by judicial immunity. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities.").

For the foregoing reasons, on this record, the complaint fails to state a claim on which relief can be granted. Accordingly, it will be dismissed with leave to amend.

Regarding the motion to proceed in forma pauperis, Mr. Lathus included certain information that is required to be redacted under Federal Rule of Civil Procedure 5.2. This information includes the full names of minors, and other personally identifying information or account numbers. As a result, the Court will strike and seal the application.

Based on the foregoing,

1   **IT IS ORDERED** that the application to proceed in forma pauperis is stricken and
2   the Clerk of the Court shall seal Doc. 2.
3   **IT IS FURTHER ORDERED** that the complaint is dismissed, without prejudice.
4   Mr. Lathus has 30 days from the date of this Order to file an amended complaint and a new
5   motion to proceed in forma pauperis (or to pay the filing fee).  If Mr. Lathus fails to: 1) file
6   an amended complaint; and 2) either file a motion to proceed in forma pauperis or pay the
7   filing fee, within 30 days, the Clerk of the Court shall enter judgment dismissing this case
8   without prejudice.
9   **IT IS FINALLY ORDERED** that any amended complaint may be filed only on
10  behalf of Mr. Lathus.
11  Dated this 22nd day of May, 2024.

James A. Teilborg
Senior United States District Judge