**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Lathus,<br><br>              Plaintiff,<br><br>v.<br><br>County of Apache, et al.,<br><br>              Defendants. | No. CV-24-08093-PCT-JAT<br><br>**ORDER** |

On May 12, 2024, the original complaint was filed in this case. On May 22, 2024, this Court screened that complaint under 28 U.S.C. § 1915(e)(2). (Doc. 6). The Court gave Plaintiff Joseph Lathus leave to amend. (*Id.*) On June 12, 2024, Mr. Lathus filed an amended complaint and other various motions, including a motion to proceed in forma pauperis. The Court will screen the amended complaint. As stated in the May 22, 2024 Order, in 28 U.S.C. § 1915(e)(2),

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. "[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989).  Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

*Kennedy v. Andrews*, 2005 WL 3358205, *2-*3 (D. Ariz. 2005).

In his amended complaint, Mr. Lathus alleges that he was cited for obstructing a public thoroughfare. (Doc. 7).  Mr. Lathus in suing 11 different Defendants over this citation, arguing that because the thoroughfare he was obstructing was a private road, pursuant to CC&Rs filed with the county, he could not be cited.  Mr. Lathus is apparently being prosecuted in state court over this citation, and one of his pending motions is to remove his criminal case to federal court (and presumably consolidate it with this case, though that is unclear).

Generally, this Court cannot involve itself in state court criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971).  Further, "the ability to remove a criminal state court action to federal court is strictly limited—a state prosecution may be removed to federal court only under the narrow circumstances set forth in 28 U.S.C. §§ 1442, 1442a, and 1443." *United States v. Raquinio*, No. CV 23-00231 JMS-WRP, 2023 WL 3791638, at *2 (D. Haw. June 2, 2023) (footnote omitted). "Section 1442 applies to removal of certain cases by federal officers, and § 1442a applies to removal of certain cases by members of the United States armed forces." (*Id*.).  Finally,

> Section 1443(1) authorizes removal where the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons with the jurisdiction thereof." To remove a state criminal prosecution under § 1443(1), a two-part test applies:
>
> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006) (internal

citation omitted).

(*Id.*).

Here, Mr. Lathus has failed to show that any of 28 U.S.C. §§ 1442, 1442a, and 1443 applies in this case. Accordingly, his motion to remove his criminal case to federal court is denied.

Next, the motion to remove indicates that the criminal proceedings against Mr. Lathus remain on-going in state court. All of the claims in this case relate to the state court prosecution. Generally, *Heck v. Humphrey* bars civil claims that would call into question the validity of a conviction unless the criminal prosecution resolved in the plaintiff's favor. *See e.g.*, *Bowman v. Diaz*, No. 1:23-CV-00524-DCN, 2024 WL 1973598, at *2 (D. Idaho May 2, 2024) ("In *Heck*, the Supreme Court held that a plaintiff may not proceed with a civil rights claim if a favorable result on that claim would necessarily imply the invalidity of the plaintiff's criminal conviction or sentence. *Id.* at 486–87.").

Further, the Supreme Court has held that the cause of action for malicious prosecution does not accrue until the criminal case resolves in the plaintiff's favor. *McDonough v. Smith*, 588 U.S. 109, 121 (2019) ("McDonough therefore had a complete and present cause of action for the loss of his liberty only once the criminal proceedings against him terminated in his favor."); *Tennenbaum v. City & Cnty. of San Francisco*, No. 23-CV-00592-LB, 2023 WL 6541862, at *4 (N.D. Cal. Oct. 6, 2023) ("In *Heck v. Humphrey*, the Court held that 'when a state prisoner seeks damages in a § 1983 lawsuit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.' 512 U.S. 477, 487 (1994). A corollary is that 'a 1983 cause of action attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.' *Id*. at 489–99….").

Here, because Mr. Lathus' malicious prosecution claim, and his other claims which are related thereto, would all be barred by *Heck* if he is convicted in state court, this case

is premature and will be dismissed without prejudice. The Court will not grant leave to amend because any amendment based on these facts would be futile unless and until the state criminal proceedings resolve in Mr. Lathus' favor. *See Bonin v. Calderon*, 59 F.3d 815, 845 (1995) (futility alone justifies denying leave to amend).

Alternatively, all of Plaintiff's claims can be dismissed for reasons recognized as a basis for dismissal under 28 U.S.C. § 1915. Specifically, in the May 22, 2024 Order, the Court explained to Mr. Lathus that Defendant Criminski is entitled to judicial immunity for decisions that he made in Plaintiff's case. (Doc. 6 at 2) (quoting *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986)). Nonetheless, Plaintiff renamed Judge Criminski as a Defendant in the amended complaint. Defendant Butch Gunnels is another judge Plaintiff is suing over his judicial decisions. He too is entitled to judicial immunity. Defendant Kassandra Page, the Clerk of the Court, is being sued for allegedly not issuing subpoenas quickly enough. She too is entitled to judicial immunity. Defendant Michael Whiting is sued for being the county attorney whose office is prosecuting Plaintiff. (Doc. 7 at 1). Defendant Whiting is entitled to prosecutorial immunity. *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005) ("A prosecutor is protected by absolute immunity from liability for damages under § 1983 'when performing the traditional functions of an advocate' [citation omitted]".) The Apache County Recorder's Office and the Apache County Sherriff's office are unlikely to be jural entities that can sue and be sued–an issue Plaintiff does not address. *See, e.g., Murphy v. Coconino County Sheriff's Dept*., No. CV 08-8089-PCT-DGC, 2008 U.S. Dist. Lexis 83840 (Sept. 28, 2008 D. Ariz.) (finding that a sub-part of the county was not person amenable to suit under § 1983). Plaintiff sues County Supervisor Nate Davis for failing to give the public in general and Plaintiff specifically proper legal advice. (Doc. 7 at 7). County supervisors have no duty to give legal advice; thus, this allegation fails to state a claim. Moreover, Supervisor Davis would be entitled to legislative immunity for his official acts. *See Bechard v. Rappold*, 287 F.3d 827, 829 (9th Cir. 2002) ("...the application of the legislative immunity doctrine to local legislators, such as county commissioners, is now well-established."). The same is true for Defendant Carey

Dobson who Plaintiff names as a "county commissioner." Plaintiff's claim against county engineer Ferrin Crosby is for criminal perjury, but criminal statutes do not create private rights of action. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006). Plaintiff fails to allege a violation of a policy, practice or custom, which is required to state a claim against Apache County under *Monell*. *See Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978). Finally, as to Defendant Forest Akins, Plaintiff includes factual allegations regarding Mr. Akins alleged participation in cattle management in another subdivision. These allegations have no relationship to Plaintiff's criminal citation that forms the basis of his claims in this case, and accordingly fails to state a claim. On this record (wherein Plaintiff has already been given leave to amend), the Court finds that these alternative reasons for dismissal also could not be cured by amendment.

Accordingly,

**IT IS ORDERED** that the motion to proceed in forma pauperis (Doc. 8) is granted.

**IT IS FURTHER ORDERED** that the motion to remove the criminal case against Mr. Lathus to federal court (Doc. 12) is denied.

**IT IS FURTHER ORDERED** that this case is dismissed, without prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the motions pending at Docs. 10 and 11 are denied as moot.

Dated this 21st day of June, 2024.

James A. Teilborg
Senior United States District Judge